J-S08015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT<br>OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL DENNIS BELL | |
| Appellant | No. 913 MDA 2020 |

Appeal from the Judgment of Sentence March 4, 2020
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0004304-2018

BEFORE:  STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED MAY 12, 2021**

Appellant, Michael Dennis Bell, appeals from his judgment of sentence of five to ten years' imprisonment for aggravated assault and related offenses. We affirm.

On June 23, 2018, Nikki Maldonado was residing with her ex-boyfriend and the father of two of her children, Keith Sutherland, in Harrisburg. They got into an argument that evening that continued intermittently past midnight. In the early morning hours of June 24, 2018, Maldonado left the residence and called Appellant, whom she had been dating for about a month, and told him about the argument with Sutherland. Appellant went to meet with her to make sure that she was okay. Appellant claimed that he found a gun in an alley en route to the meeting, and he put it in his pocket.

---

[*] Former Justice specially assigned to the Superior Court.

Appellant met Maldonado at a market, and Maldonado indicated that she wanted to return to her residence to get some of her possessions, including her wallet. Appellant accompanied her back to the residence and waited outside while she entered and retrieved her items. She left the residence, and they began walking down an alley.

At this point, Sutherland exited the residence and began running after Maldonado. It is undisputed that Sutherland had a knife in his pocket, although it is disputed as to whether it was visible to Appellant and Maldonado. There also was disputed testimony as to whether Sutherland was holding a bottle and why he was running after Maldonado.

Appellant shot Sutherland in the stomach during the altercation in the alley. Appellant testified that he shot Sutherland in self-defense, and that he was afraid Sutherland would hit him or Maldonado with the bottle Sutherland was carrying. Sutherland claimed he was not holding a bottle, was not advancing on Appellant, and had his hands up in the air when he was shot.

Following a three-day jury trial, the jury found Appellant guilty of aggravated assault and carrying a firearm without a license. The jury acquitted Appellant of attempted murder. On March 4, 2020, the court imposed sentence. Appellant filed timely post-sentence motions, which the court denied, and a timely appeal. Both Appellant and the court complied with Pa.R.A.P. 1925.

Appellant raises three issues in this appeal:

i. Did not the court err in precluding [Appellant] from introducing evidence that the complainant made a statement to [M]aldonado's minor son that he was going to kill [M]aldonado where: (a) the out-of-court statement of the minor son was admissible under two exceptions to the hearsay rule; (b) the complainant's out-of-court statement was admissible under an exception to the hearsay rule and was also admissible regardless of the truth of the matters set forth therein; and (c) the totality of the evidence was relevant under Pa.R.E. 404(a)(2)(b) and 405(b)(2) to prove that the complainant was the initial aggressor?

ii. Did not the court err in precluding [Appellant] from introducing evidence that the complainant was drunk and was aggressive when drunk where the evidence was relevant under Pa.R.E. 404(a)(2)(b) and 405(b)(2) to prove that the complainant was the initial aggressor?

iii. Did not the court abuse its discretion by failing to grant [Appellant] a new trial on the basis that the guilty verdict was against the weight of the evidence when the totality of the evidence as to the issues of self-defense and defense of others was unreliable, contradictory, and incredible?

Appellant's Brief at 6-7.

Appellant first argues that the trial court erred by precluding Maldonado from testifying about a statement that Maldonado's minor son made to her four hours after the shooting. The trial court ruled that this statement was inadmissible hearsay. Appellant contends that it was admissible under the excited utterance and present sense impression exceptions to the hearsay rule. We review the trial court's decision to preclude evidence for an abuse of discretion, **Commonwealth v. Rosen**, 42 A.3d 988, 994 (Pa. 2012), and we conclude that the trial court properly excluded this testimony.

Sutherland and Maldonado resided together with Maldonado's minor children. In the early morning hours of June 24, 2018, Sutherland left the

residence and pursued Appellant and Maldonado down a nearby alley, where Appellant shot Sutherland. When Maldonado returned to the residence four hours after the shooting, Maldonado's minor son[1] stated to her, "Papa [Sutherland] said he was going to kill you."

Appellant argues that this statement was admissible under the excited utterance exception to the hearsay rule. While this exception has been codified in the Rules of Evidence since 1998, **see** Pa.R.E. 803(2), our Supreme Court has held that the common law definition of an excited utterance remains applicable. **Commonwealth v. Murray**, 83 A.3d 137, 157 (Pa. 2013). At common law, an excited utterance is

> [A] spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person has just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties.... Thus, it must be shown first, that [the declarant] had witnessed an event sufficiently startling and so close in point of time as to render her reflective thought processes inoperable and, second, that her declarations were a spontaneous reaction to that startling event.

**Id.** at 157-58. A shooting or assault, for example, can constitute an overwhelming or shocking occurrence under the excited utterance rule. **Commonwealth v. Jones**, 912 A.2d 268, 282 (Pa. 2006) (shooting victim's

---

[1] There is some discrepancy as to the age of Maldonado's son. Defense counsel stated that he was eleven or fourteen years old; the Commonwealth stated that he was six years old.

- 4 -

statement identifying defendant as one of the shooters, made less than ten minutes after being shot, while victim was bleeding from his gunshot wound and awaiting transport to the hospital, as well as second statement to police, made approximately thirty minutes later, were admissible as excited utterances); *Commonwealth v. Lester*, 722 A.2d 997, 1002-03 (Pa. 1998) (statement of four-year-old girl to police that defendant punched and kicked her and killed her mother was admissible as excited utterance).  Conversely, a "mere argument, [no matter] how intense," is not an "overpowering emotional and shocking experience sufficient to exclude the possibility that the statements were the product of premeditation or design." *Commonwealth v. Farquharson*, 354 A.2d 545, 554 (Pa. 1976).

Maldonado's son's statement was not an excited utterance because he did not experience some overwhelming or shocking occurrence.  He did not witness the confrontation between Sutherland and Appellant or the shooting.  Allegedly, he merely heard Sutherland state he was going to kill Maldonado, an event similar to a heated argument, *id.*, an incident that was unpleasant but not overwhelming or shocking enough to render his thought processes inoperable.

In addition, Maldonado's son made his statement four hours after Sutherland's comment.  Thus, it was not so near in time of Sutherland's statement "as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties." *Murray*, 83 A.3d at 157.  In several cases,

courts have found statements by children to be excited utterances even when the statement occurs hours after the startling event. In one such case, the morning after the defendant beat a four-year-old child and murdered the child's mother, and the child saw the mother's dead body in the bathtub, the child told the police about the incident. Our Supreme Court held that the child's statement was an excited utterance. *Lester*, 722 A.2d at 1001, 1002-03. In another murder case, the child heard his mother screaming and told neighbors about it the following morning while eating breakfast. Our Supreme Court held that the statement was an excited utterance because it was unsolicited and because the child spent the lapse in time sleeping, making it unlikely that his statement was affected by reflection or outside influences. *Commonwealth v. Boczkowski*, 846 A.2d 75, 96 (Pa. 2004). Here, it is possible that Maldonado's son was close in age to the boy whose statement was found admissible in *Boczkowski*. *See* n.1, *supra*. Nevertheless, unlike *Lester*, Maldonado's son was not himself the victim of a physical attack, and unlike *Boczkowski*, there is no evidence that Maldonado's son was asleep during the four-hour interval between Sutherland's statement and his statement to Maldonado. Thus, under the circumstances of this case, we cannot "exclude the likelihood of [Maldonado's son's statement] having emanated in whole or in part from his reflective faculties." *Murray*, 83 A.3d at 157.

We further conclude that Maldonado's son's statement was not admissible as a present sense impression. Pa.R.E. 803(1) defines a present sense impression as "a statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." The truthfulness of a present sense impression "is dependent upon its spontaneity. It must be certain from the circumstances that the utterance is a reflex product of immediate sensual impressions, unaided by retrospective mental processes. Restated, the utterance must be instinctive, rather than deliberate." *Farquharson*, 354 A.2d at 554. In this case, Maldonado's son's statement was not a "reflex product of immediate sensual impressions, unaided by retrospective mental processes," *id.*, since four hours elapsed between Sutherland's statement and Maldonado's son's statement.

In his second argument, Appellant contends that the court erroneously precluded Appellant from introducing evidence that Sutherland was drunk and was aggressive when drunk, which Appellant maintains would have proved that Sutherland was the initial aggressor and that Appellant acted in self-defense. We disagree, because Appellant was able to present evidence and argument concerning Sutherland's drunkenness on the date in question or his aggressiveness when drunk.

Maldonado testified as follows in response to questioning from defense counsel:

Q. Now, while you've been with Keith over your years, you've seen him when he was drunk, correct?

A. Yes.

Q. You've experienced him when he was drunk?

A. Yes.

Q. You've come to experience when he's sober versus being drunk, right?

A. Yes.

Q. Now, the day of the argument with him, he was drunk, right?

A. Yes.

Q. And Keith had been aggressive with you before?

A. Yes.

Q. And he even gets more aggressive when he's drinking or is drunk, right?

A. Yes.

Q. And he does that to the point where you even told Detective Licata that he scares you?

A. Yes.

N.T., 1/7/20, at 63-64.  At this point, the Commonwealth asked the court to preclude "any further questioning on this" on the ground that it was irrelevant. *Id.* at 64.  The court sustained the objection.  *Id.* at 65.   Importantly, the Commonwealth did not ask the court to strike Maldonado's testimony prior to the objection; nor did the court strike this testimony.

Moreover, during closing argument, defense counsel pointed out, without objection, that after the shooting, Maldonado told a police detective that Appellant shot Sutherland in self-defense:

> [The detective] hears [Maldonado] explain about the aggression of [Sutherland], about [Sutherland] being drunk, about going into the alleyway, [Sutherland] coming out. At this time, we hear that [Sutherland] has a bottle and [Sutherland] lunges, [Sutherland] attacks, and he's shot in self-defense.

N.T., 1/9/20, at 303.

Through the foregoing testimony that the court never struck, and through counsel's closing argument, Appellant was able to present his position that Sutherland was aggressive when drunk, Sutherland was drunk and aggressive at the time of the altercation, and that Sutherland's aggressiveness forced Appellant to shoot him in self-defense. Accordingly, Appellant's argument that he was precluded from presenting evidence on this issue does not warrant relief.

Finally, Appellant argues that the verdict is against the weight of the evidence. Our role

> is not to consider the underlying question of whether the verdict was against the weight of the evidence. Rather, we are to decide if the trial court palpably abused its discretion when ruling on the weight claim. When doing so, we keep in mind that the initial determination regarding the weight of the evidence was for the factfinder. The factfinder was free to believe all, some or none of the evidence. Additionally, a court must not reverse a verdict based on a weight claim unless that verdict was so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Habay*, 934 A.2d 732, 736-37 (Pa. Super. 2007). "[A] trial court's denial of a post-sentence motion based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Sanders*, 42 A.3d 325, 331 (Pa. Super. 2012).

Here, the trial court reasoned:

> In the instant matter, there was a dispute as to whether or not Sutherland was holding a bottle and whether or not he was advancing on [Appellant] and Maldonado in a threatening way. [Appellant] testified that Sutherland was coming towards him holding a bottle. Sutherland testified that he was backing up and had his empty hands raised. The jury judged the credibiiity of both witnesses and determined that [Appellant] was guilty of aggravated assault. We do not find this verdict to be so contrary to the evidence as to shock one's sense of justice . . . Nor do we find Sutherland's testimony to be so unreliable and/or contradictory as to make the verdict pure conjecture . . . Essentially, [Appellant] is arguing that his statement was more truthful than Sutherland's, but that determination is solely for the jury to make. As such, the verdict was not against the weight of the evidence.

Trial Court Opinion, 6/15/20, at 3 (incorporated by reference into Pa.R.A.P. 1925 opinion at 6). We find this reasoning persuasive, and we conclude that the trial court acted within its discretion by denying Appellant's challenge to the weight of the evidence.

For these reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/12/2021